IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
IN OPEN COURT

JUL 2 0 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

THOMAS J. LIDDLE,

Defendant.

No. 2:22-cr-11

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the Superseding Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1.   On December 5, 2021, Thomas Liddle, the defendant, was wanted for failure to appear in court. Norfolk Police Department ("NPD") officers received information regarding the defendant's location. When the officers arrived on scene, they observed the defendant sitting in the driver's seat of a parked car. After an officer confirmed his identity, the defendant was detained on the outstanding warrant. While he was being detained, a firearm was observed in the front pocket of his pants. The officers recovered the firearm from his pants before they removed him from the car.

2.   The firearm recovered from the defendant's pocket was a Walther Creed, 9-millimeter pistol, with serial number FCN7915. The firearm was manufactured in Germany and was imported to the United States.

TL
CLC
GMS

3. In 2014, the defendant was convicted of Robbery, Breaking and Entry, and Use or Display of a Firearm in the Commission of a Felony. Each of these offenses is a felony that carries a period of incarceration exceeding one year. The defendant knew at the time of the offense that he was a convicted felon, and he did not have his right to possess firearms restored.

4. On February 28, 2021, at 9:11 a.m., an NPD detective who is cross designated as a Task Force Officer with the Federal Bureau of Investigation ("the Detective") began receiving threatening text messages from an unknown individual. In these text messages, the individual threatened to kill the Detective, his spouse, and his children. The messages also indicated that the sender knew where the Detective lived and worked, and where the Detective's spouse worked. In addition to the text messages, the Detective received multiple calls, during which the caller threatened the Detective's life.

5. On March 1, 2021, the NPD and the FBI began jointly investigating the threats. The phone number used to send the threatening messages was connected to an application called TextNow. After subpoenaing TextNow, law enforcement was able to obtain an email address belonging to a separate individual, M.S., and an IP address associated with the Residence Inn located on Military Highway.

6. Detectives went to the Residence Inn and discovered that M.S. was staying in a room that was being rented by his fiancée. After conducting surveillance, officers performed a knock-and-announce at the hotel room. M.S. was taken into custody and a search of the hotel room yielded an LG mobile phone, later found to contain the threatening text messages sent through the TextNow application, and a Taurus Spectrum .380 caliber handgun.

7. When the defendant was arrested on this federal indictment, he was interviewed by the FBI. The defendant said that the Detective had approached him while the defendant was in the

TL
CLC
GMS

hospital. The defendant was in the hospital because he had overdosed on illegal narcotics. The Detective had asked the defendant to cooperate with law enforcement. The defendant then contacted his drug dealer about being approached by the Detective. The defendant's drug dealer told the defendant to contact M.S. After contacting M.S., the defendant knew M.S. was going to scare the Detective to leave the defendant alone. The defendant admitted M.S. had the defendant's girlfriend look-up the Detective online and through social media before M.S. contacted the Detective. The defendant confirmed to M.S. the person his girlfriend looked up on social media was the Detective. The defendant admitted he was present when M.S. made the threatening phone call to the Detective.

8. During his interview, the defendant also falsely claimed the firearm recovered on December 5, 2021, had been placed in his pocket while he was sleeping by his girlfriend.

9. The acts taken by the defendant in furtherance of the offense charged in Count One of the Superseding Indictment, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case, and that it does not identify all of the persons with whom the defendant may have engaged in illegal activities.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____

Graham Stolle
Special Assistant United States Attorney
Joseph DePadilla
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*/s/ Thomas Liddle*
THOMAS J. LIDDLE

I am Thomas Liddle's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*/s/ Christian Connell*
Christian Connell Esq.
Attorney for Thomas J. Liddle