IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:22-cr-11 |
| THOMAS J. LIDDLE | |
| Defendant. | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America now submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the U.S. Probation Office determined the applicable advisory guidelines sentence to be a term of 70–87 months' imprisonment on Count One—felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The guidelines range on Count One stems from a base offense level of 22 and a four-level enhancement for possession of any firearm in connection with another felony offense, section 2K2.1(b)(6)(B) of the U.S. Sentencing Guidelines Manual (USSG), and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), for a Total Offense Level of 23, together with a Criminal History Category of IV. For the reasons below, the Court should impose a sentence at the high-end of the guidelines range which would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.    DEFENDANT'S OBJECTION**

The defendant objects to receiving a four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B). Specifically, the defendant challenges possessing the firearm in relation to

another felony offense – namely, possessing the firearm while possessing of a controlled substance.

The government does not intend on offering evidence to support the four-level enhancement and does not oppose the defendant's objections.

If the court sustains the objection, the new offense level conduct would be 19. The new offense level, with a criminal history of IV, would give a guidelines range of 46-57 months. A sentence at the high-end of that range would be sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

## II. MOTION FOR ACCEPTANCE OF RESPONSIBILITY

Under U.S.S.G. § 3E1.1(b) and based on the terms of the plea agreement, the United States moves the Court to grant an additional one-level reduction in the defendant's offense level for acceptance of responsibility. The defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

## III. BACKGROUND

The defendant was named in a two-count Superseding Indictment returned by a Grand Jury on April 20, 2022. ECF No. 15. Count One charges the defendant with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Two charges the defendant with interstate communications with a threat to injure, in violation of 18 U.S.C. § 875(c) and 2. Criminal forfeiture was also cited.

On July 20, 2022, in accordance with the terms of a plea agreement, the defendant appeared before U.S. Magistrate Judge Robert J. Krask and pleaded guilty to Count One of the Superseding

Indictment. ECF Nos. 35-38. Magistrate Judge Krask conditionally accepted his guilty plea and sentencing was scheduled for November 22, 2022. ECF No. 35.

## IV. STANDARDS GOVERNING SENTENCING

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264. The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (quoting 28 U.S.C. § 991(b) (1) (B)). In *Molina-Martinez v. United States*, the Court emphasized the role the Guidelines play in achieving "[u]niformity and proportionality in sentencing," and noted that "the Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar." 136 S. Ct. 1338, 1346 (2016).

> The Fourth Circuit has provided the following guidance in the wake of *Booker*:
>
> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B).

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the

applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

Under 18 U.S.C. § 3553(a), when imposing a sentence that is sufficient but not greater than necessary, the Court shall consider: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to promote the goals of sentencing; (4) the kinds of sentences available; (5) the sentencing guideline range; (6) any pertinent policy statement issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

**V.     ARGUMENT**

    **A.     Nature and Circumstances of the Offense.**

The nature and circumstances of the offense are serious and, when considered with other factors, warrant the government's recommended sentence at the high-end of the guidelines.

The defendant's conduct is an assault on our very system of criminal justice. Our system relies on the ability of Law-Enforcement Officers doing their job effectively. They will not be able to effectively perform if they are receiving threats to themselves and their families.  It is one thing

4

to threaten an officer while working in their official capacity (while still improper), it is another to proactively pursue the officer and his family. In this case, not just did the detective receive threats, his family was threatened. They threatened to kill the detective, his spouse, and his children. They told him they knew where he and his family lived and worked.

It shouldn't surprise the court that the defendant blames M.S., the related-case defendant, and M.S. blames Liddle.[1] Despite their inconsistencies, there is no dispute they assisted each other in making death threats to the detective and his family.

On top of making threats to federal agents, the defendant possessed a firearm as a convicted felon. The defendant, knowing he had been convicted of a felony and serving approximately a seven-year sentence, chose to possess a firearm. His conduct is indicative of unwillingness to comply with the law or orders of a court. The nature and circumstances of the offense support the position of the government that a sentence at the high-end of the guidelines is appropriate.

### B. History and Characteristics of Defendant.

Criminal History:

The defendant's criminal history is indicative of an inability to comply with the law and orders of a court, further supporting the government's position of a sentence at the high-end of the guidelines.

In 2014 the defendant was convicted of statutory burglary, robbery, and use of a firearm in the commission of a felony. PSR ¶ 28. According to the summary of this offense, the defendant robbed the victims because he viewed them as weak. He and his co-defendant set out to take advantage of others with a firearm. While many use youth as an excuse to justify poor conduct,

---

[1] See *United States v. Michael Edmond Smith*, 2:21CR00037-001, Statement of Facts, ECF No. 17.

this conduct is one of a deeper nature. There is no question, even at 19 years old, robbing another with a firearm because they are weak is wrong.

While in custody for these violent offenses the defendant continued his pattern of misconduct. He received eight disciplinary infractions for the following offenses: intentionally destroying, altering, damaging, or defacing; possession of unauthorized or un-prescribed drugs; tampering with security materials, devices, or equipment; stealing state or any person's property; vulgar or insolent language or gestures directed toward an employee; disobeying an order; possession of intoxicants; and being in an unauthorized area. PSR ¶ 28.

The pattern of violence continued after the defendant was released from prison and while on probation. On July 7, 2021, the defendant assaulted his ex-girlfriend. PSR ¶ 34. Then again on September 18, 2021, he punched her in the head and face. PSR ¶ 35.

To add insult to injury, while the defendant was on bond for these pending charges he abducted his third-party custodian, his own mother. PSR ¶ 41. His mother was concerned that if he found out she called the police he would kill her. PSR ¶ 41. The defendant used a box cutter, rope, and hammer to prevent her from leaving her apartment. PSR ¶ 41.

The defendant committed the instant offense while on probation for his 2014 convictions for burglary, robbery, and use of a firearm in the commission of a felony. PSR ¶ 32. Of particular concern is the failure of the defendant to take any lesson from the seven years he spent incarcerated for his 2014 convictions. And despite that sentence he continues a pattern of criminal behavior.

Personal Background:

The defendant was born October 17, 1994, in Oneota, New York. He grew up in a "middle class" family. PSR ¶ 45. He received a catholic school education and grew up in a 6,000 square foot home. PSR ¶ 46.

The defendant reports that he was diagnosed in the Loudoun County Correctional Center, which he was in for abducting his mother, with intermittent explosive disorder, post-traumatic stress disorder, and attention deficit hyperactivity disorder, anxiety, depression, and bi-polar disorder. PSR ¶ 53. Based on these diagnoses, the government recommends the court impose mental health assessment and treatment as a condition of his incarceration and release.

The defendant reports a significant history of substance abuse. PSR ¶ 58-64. Based on this history, the government recommends the court impose substance abuse treatment as a condition of his incarceration and release.

### C. Other Factors to be Considered under 18 U.S.C. § 3553(a)

Other important factors here include the need for the sentence to afford adequate specific deterrence to future criminal conduct and general deterrence for those contemplating similar schemes, to promote respect for the law, and to avoid unwarranted sentencing disparities. Deterrence is even more important here, where the defendant has a history of violent conduct.

## VI. CONCLUSION

While punishment is one factor to consider, the government emphasizes the need to protect the public and general deterrence. The facts are significant and merit a sentence at the high-end of the guidelines to deter future similar violations from those who might aide similar violent conduct. The defendant has shown a pattern of escalating behavior: first robbing those he sees as weak,

7

assaulting his ex-girlfriend, and, finally, threatening to kill a detective and his family. Taking all the § 3553(a) factors into account, a sentence at 57 months is appropriate and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

        Respectfully submitted,

        Jessica D. Aber
        United States Attorney

By:     /s/_____
        Graham M. Stolle
        Special Assistant United States Attorney
        United States Attorney's Office
        World Trade Center, Suite 8000
        101 W. Main Street
        Norfolk, Virginia 23510
        Office Number: 757-441-6331
        Facsimile Number: 757-441-6689
        graham.stolle2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Christian L. Connell, Esquire
555 East Main Street
Suite 1102
Norfolk, Virginia 23510
(757) 533-6500

I further certify that on this 15th day of November 2022, I caused a true and correct copy of the foregoing Position of the United States with Respect to Sentencing Factors to be e-mailed to the following:

Kalyn M. Monreal
United States Probation Officer
600 Granby Street
Suite 200
Norfolk, Virginia 23510

By: ____/s/_____
Graham M. Stolle
Special Assistant United States Attorney
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
graham.stolle2@usdoj.gov